# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| W. C. CHAPMAN, L.P., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  4:21-cv-00893 |
| | § | Judge Mazzant |
| JOHN CAVAZOS, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint for Improper Venue and to Set Aside Clerk's Default in the Event It Has Been Entered (Dkt. #25). Having considered the motion and relevant pleadings, the Court finds the motion should be **DENIED.**

### BACKGROUND

This is a property dispute over the ownership of approximately twenty acres located near the Red River along the Texas-Oklahoma border ("the Disputed Property") (Dkt. #1). Plaintiff W.C. Chapman, L.P. is an Oklahoma limited partnership that claims ownership of the Disputed Property (Dkt. #1). On November 9, 2021, Plaintiff filed suit requesting (1) judgment for the title and possession of the Disputed Property; (2) judgment removing the cloud on Plaintiff's title to the Disputed Property; and (3) that Defendant be enjoined for entering the Disputed Property and from taking any action dispossessing Plaintiff from its ownership and occupancy of the Disputed Property (Dkt. #1 at p. 10). Defendant John Cavazos, who is self-represented, is a Texas resident who also claims to own the Disputed Property.

On April 29, 2022, Defendant filed the present motion (Dkt. #25). On May 12, 2022, Plaintiff filed a response (Dkt. #26). On May 18, 2022, Defendant filed his reply (Dkt. #28), request for judicial notice (Dkt. #29), and evidentiary objections in support of his reply to Plaintiff's response (Dkt. #30). On May 25, 2022, Plaintiff filed its sur-reply (Dkt. #33).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss an action for "improper venue." FED. R. CIV. P. 12(b)(3). Once a defendant raises improper venue by motion, "the burden of sustaining venue will be on [the] Plaintiff." *Cincinnati Ins. Co. v. RBP Chem. Tech., Inc.*, No. 1:07-CV-699, 2008 WL 686156, at *5 (E.D. Tex. Mar. 6, 2008). "Plaintiff may carry this burden by establishing facts that, if taken to be true, establish proper venue." *Id.* (citations omitted). The Court "must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Mayfield v. Sallyport Glob. Holdings, Inc.*, No. 6:16-CV-459, 2014 WL 978685, at *1 (E.D. Tex. Mar. 5, 2014) (citing *Ambraco, Inc. v. Bossclip, B.V.*, 570 F.3d 233, 237–38 (5th Cir. 2009)). In determining whether venue is proper, "the Court may look beyond the complaint to evidence submitted by the parties." *Ambraco*, 570 F.3d at 238. If venue is improper, the Court must dismiss, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); FED. R. CIV. P. 12(b)(3).

## ANALYSIS

Defendant brings this motion, (1) arguing the Complaint should be dismissed for improper venue under 12(b)(3) in the event the Court does not grant the pending motion to transfer, and (2) default should be set aside in the event the Clerk has entered default (Dkt. #25). The Court finds that Defendant is entitled to neither request.

First, Defendant's arguments regarding the location of the Disputed Property have already been resolved. As Defendant is aware, on December 3, 2021, Defendant filed a motion to transfer venue pursuant to under 28 U.S.C. § 1404(a) to the Eastern District of Oklahoma (Dkt. #6). In the motion, Defendant argued the case should be transferred because the Disputed Property is located in McCurtain County, Oklahoma, which is within the Eastern District of Oklahoma (Dkt. #6 at p. 3). On May 17, 2022, after the present motion was filed, this Court issued a Memorandum Opinion and Order (the "Order") resolving the venue issue (Dkt. #27). Namely, the Court found that the Red River Boundary Compact was controlling, and "Plaintiff's evidence [went] to the heart of the dispositive question presented by the Compact—it directly demonstrate[d] that the Disputed Property [was] located south of the Red River's south vegetation line, and, thus, in Texas" (Dkt. #27 at p. 20). Accordingly, the Court found that "venue would not be proper in in the Eastern District of Oklahoma on the basis that the district is where 'a substantial part of [the] property that is the subject of the action is situated.'" (Dkt. #27 at p. 22 (quoting 28 U.S.C. § 1391(b)(2))). Moreover, the Court found that "transfer [was] not warranted for 'the convenience of the parties and witnesses, in the interest of justice'" (Dkt. #27 at p. 23 (quoting 28 U.S.C. § 1404(a))).

Further, the Court finds that no additional evidence or arguments by Defendant has persuaded the Court regarding the location of the Disputed Property. As such, in accordance with the Order issued on May 17, 2022, the Court finds that the Disputed Property is located in Texas. More specifically, because the Disputed Property is located in Red River County, venue is proper in the Eastern District of Texas.

Second, the Clerk has not entered default. Therefore, Defendant's request to set aside default is not ripe. Further, this request was filed in violation of Local Rule CV-7 and should have been rendered deficient by the Clerk's Office. The Court reminds the parties that "[e]ach pleading,

3

motion, or response to a motion must be filed as a separate document, except for motions for alternative relief (e.g., a motion to dismiss or, alternatively, to transfer)" (Local Rule CV-7).

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint for Improper Venue and to Set Aside Clerk's Default in the Event It Has Been Entered (Dkt. #25) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 22nd day of June, 2022.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE