# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| W. C. CHAPMAN, L.P., § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. 4:21-cv-00893 |
| § | Judge Mazzant |
| JOHN CAVAZOS, § | |
| § | |
| *Defendant.* § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Entry of Default Judgment (Dkt. #20). Having considered the motion, the Court finds it should be **DENIED**.

### BACKGROUND

On November 9, 2021, Plaintiff W.C. Chapman, LP filed its complaint against Defendant John Cavazos requesting judgment for the title and possession of approximately twenty acres located near the Red River along the Texas-Oklahoma border ("the Disputed Property") (Dkt. #1). On December 3, 2021, Defendant, proceeding *pro se*, filed a motion to transfer venue under § 1404(a) (Dkt. #6). On April 20, 2022, Plaintiff filed the present motion, a motion for entry of default judgment (Dkt. #20). On April 21, 2022, Defendant filed his response (Dkt. #22). On April 26, 2022, Plaintiff filed its reply (Dkt. #24).

### LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. FED. R. CIV. P. 55. The Fifth Circuit requires a three-step process for securing a default

judgment. *N.Y. Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a); *N.Y. Life Ins.*, 84 F.3d at 141. Next, an entry of default may be entered by the clerk when the default is established by affidavit or otherwise. FED. R. CIV. P. 55(a); *N.Y. Life Ins.*, 84 F.3d at 141. Third, a plaintiff may then apply to the clerk or the court for a default judgment. FED. R. CIV. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

Entry of a default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Although entries of default judgment are generally disfavored in the law, entry of a default judgment is not an abuse of discretion when a defendant fails to answer a complaint. *Lacey v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *Bonanza Int'l, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir. 1973), *cert. denied*, 414 U.S. 1073 (1973). Prevailing law within the Fifth Circuit sets forth factors for courts to weigh when determining whether to enter default judgment:

> Relevant factors include whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

After the Clerk enters a default, "the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *U.S. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). A court may hold a hearing if necessary to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or to investigate any other manner. FED. R. CIV. P. 55(b)(2). A hearing is not necessary if damages can

be determined on the papers. *See* FED. R. CIV. P. 55(b)(2).

## ANALYSIS

Plaintiff asserts default judgment is appropriate because "Defendant did not file an answer, Rule 12 Motion, or a responsive pleading to the Original Complaint within 21 days after the date of service" (Dkt. #29 at p. 2). Further, though Plaintiff recognizes that Defendant filed a § 1404 motion within 21 days of service, it argues that motion "is not a defensive action and "is not a substitute for an answer or 'responsive pleading'" (Dkt. #20 at pp. 6–7). In response, Defendant counters that his "actions in seeking a change of venue prevent Plaintiff from obtaining a default judgment" (Dkt. #22 at p. 2).

The first step in the Fifth Circuit framework for entering default judgment against a defendant requires a default, which "occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure." *N.Y. Life Ins.*, 84 F.3d at 141. The Fifth Circuit has set forth a low threshold for what constitutes an "appearance" for purposes of Rule 55. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999) (citing *United States v. McCoy*, 954 F.2d 1000 (5th Cir. 1992)). The defendant "must merely give the plaintiff a clear indication that the defendant intends to pursue a defense[.]" *Id*. Appearances under Rule 55 "'include a variety of informal acts on defendant's part which are responsive to plaintiff's formal action in court, and which may be regarded as sufficient to give plaintiff a clear indication of defendant's intention to contest the claim.'" *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (quoting 6 MOORE'S FEDERAL PRACTICE 55.05(3) (2d ed.)). Thus, default judgments "are available only when the adversary process has been halted because of an essentially unresponsive party." *Id*. (internal citations and quotation marks omitted).

Here, the Court is reluctant to conclude that Defendant has failed to plead or otherwise defend in this action. While Defendant did not file a Rule 12 motion or answer within the required time frame, Defendant did file a motion to transfer venue. Though the transfer motion was pursuant to § 1404 instead of 12(b)(3), the basis of the motion was that venue is not proper in this District because the Disputed Property is located in McCurtain County, Oklahoma (Dkt. #6). And "[p]articularly with *pro se* filings, substance controls over form." *Ocwen Loan Servicing, LLC v. Heiberg*, No. 4:17-CV-00690, 2020 WL 957640, at *4 (E.D. Tex. Feb. 4, 2020) (citing *S.E.C. v. Amerifirst Funding, Inc*., No. 3:07-CV-1188-D, 2007 WL 4226921, at *2 (N.D. Tex. Nov. 29, 2007) (construing *pro se* defendant's declaration as an answer for purposes of Rule 55's entry of default analysis)); *see also Randy Smith Photo Art, LLC v. Pate*, No. A-13-CV-562, 2014 WL 12461961, at *2 ("The Court is mindful that Defendant is proceeding *pro se* in this matter, and that pro se litigants are afforded substantial leeway."). Thus, from this motion, it is evident that Defendant "had a clear purpose to defend the suit[.]" *Pelican*, 874 F.2d at 277. Moreover, Defendant filed a motion to dismiss for improper venue under 12(b)(3) one week after the present motion was filed, which further indicates that he still intends to defend against this lawsuit. *See Pate*, 2014 WL 12461961, at *2; *see also Pelican*, 874 F.2d at 277 ("The filing of a motion to dismiss is normally considered to constitute an appearance.").

Further, default judgment in this case is improper for two other reasons. First, the clerk has not entered default. *See N.Y. Life Ins*., 84 F.3d at 141 (noting that default judgment is appropriate only after entry of default by clerk). Second, the Fifth Circuit generally disfavors default judgments—especially as to *pro se* defendants. *Pelican*, 874 F.2d at 276 ("Default judgments are a drastic remedy, not favored by the federal rules and resorted to by the courts only in extreme situations."); *see also Interscope Records v. Benavides*, 241 F.R.D. 458, 461 (W.D.

4

Tex. 2006) ("When the defaulting party is a *pro se* defendant, the Court must be especially hesitant to enter a default judgment."); *Heiberg*, 2020 WL 957640, at *3 ("[A]s a general rule a district court should grant a default judgment sparingly and grant leave to set aside the entry of default freely when the defaulting party is appearing *pro se*.") (internal citations and quotation marks omitted). To be sure, the Fifth Circuit continues to reiterate its "policy in favor of resolving cases on their merits and against the use of default judgments." *See In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014); *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999).

For all of these reasons, the Court finds that entry of default against Defendant would be inappropriate. As the Fifth Circuit has noted, "[t]he Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver." *Pelican*, 874 F.2d at 276.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Entry of Default Judgment (Dkt. #20) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 28th day of June, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE