# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| W.C. CHAPMAN, L.P., § § *Plaintiff,* § § v. § § JOHN CAVAZOS, § § *Defendant.* § § § | Civil Action No. 4:21-CV-00893-ALM Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant John Cavazos' Motion to Dismiss Plaintiff's Original Complaint Under Rule 12(b)(7) for Failure to Join Indispensable Parties (Dkt. #39). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **DENIED**.

### BACKGROUND

This is a property dispute over the ownership of approximately twenty acres located near the Red River along the Texas-Oklahoma border ("the Disputed Property") (Dkt. #1). Plaintiff W.C. Chapman, L.P., is an Oklahoma limited partnership that claims ownership of the Disputed Property (Dkt. #1). On November 9, 2021, Plaintiff filed suit requesting (1) judgment for the title and possession of the Disputed Property; (2) judgment removing the cloud on Plaintiff's title to the Disputed Property; and (3) that Defendant be enjoined for entering the Disputed Property and from taking any action dispossessing Plaintiff from its ownership and occupancy of the Disputed Property (Dkt. #1 at p. 10). Defendant John Cavazos, who is self-represented, is a Texas resident who also claims to own the Disputed Property.

On June 7, 2022, Defendant filed the present motion (Dkt. #39). On June 21, 2022, Plaintiff filed a response (Dkt. #41). On June 27, 2022, Defendant filed his reply (Dkt. #46). On July 5, 2022, Plaintiff filed its sur-reply (Dkt. #49).

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(7) alleges that a plaintiff failed to join a party under Rule 19. FED. R. CIV. P. 12(b)(7). The Court makes two "highly-practical, fact-based" inquiries under Rule 19. *Hood ex rel. Mississippi v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009). The Court must first determine under Federal Rule of Civil Procedure 19(a) whether a person should be joined to the lawsuit. FED. R. CIV. P. 19(a); *See Nat'l Cas. Co. v. Gonzalez*, 637 F. App'x 812, 814 (5th Cir. 2016). "If joinder is warranted then the person will be brought into the lawsuit. But if such joinder would destroy the court's jurisdiction, then the court must determine under Rule 19(b) whether to press forward without the person or to dismiss the litigation." *Hood*, 570 F.3d at 629; *see* FED. R. CIV. P. 19. Under Rule 19, the case must be dismissed if the absent party should be joined under Rule 19(a) and the suit cannot proceed without that party under Rule 19(b). *Hood*, 570 F.3d at 629.

A party should be joined under Rule 19(a) if the party is required. FED. R. CIV. P. 19(a). A required party is a party who is "subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction." *Id.* at 19(a)(1). A required party must be joined if: (A) in that party's absence, the court cannot provide complete relief among existing parties, or (B) that party claims an interest relating to the subject of the action. *Id.* at 19(a)(1)(A)-(B). Under Rule 19(a)(1)(A), "complete relief" denotes relief between the existing parties, not "between a party and the absent [party] whose joinder is sought." *Niven v. E-Care Emergency McKinney, L.P.*, No. 4:14-CV-00494, 2015 WL 1951811, at *3 (E.D. Tex. Apr. 10, 2015).

The burden is on the movant to show that joinder of other parties is necessary. *Nat'l Cas.*, 637 F. App'x at 814. For the movant to show joinder is necessary of "unprotected interests of the absent parties," the movant can "submit affidavits of persons having knowledge of these interests as well as other relevant extra-pleading evidence." *Indian Harbor Ins. Co. v. KB Lone Star, Inc.*, No. H-11-CV-1846, 2012 WL 1038658, at *5–6 (S.D. Tex. Mar. 27, 2012) (internal quotations omitted) (citing *Power Equities, Inc. v. Atlas Telecom Services-USA, Inc.,* No. 3:06-CV-1892-G, 2007 WL 43843, at *12–13 (N.D. Tex. Jan. 5, 2007) (denying movant/defendant's Rule 12(b)(7) motion because defendant "provided no evidence" that the parties "could, or could not, be joined in the suit" and "provided no evidence" for the court to conduct the required "Rule 19(b) analysis")). If the initial assessment of the facts indicates a potential necessary party is absent, the burden shifts to the party opposing joinder. *Nat'l Cas*., 637 F. App'x at 814–15. If joinder is not necessary under the threshold requirements of Rule 19(a), then no inquiry under Rule 19(b) is necessary. *Temple v. Synthes Corp.*, 498 U.S. 5, 8 (1990).

## ANALYSIS

Defendant asks the Court to dismiss the suit for failing to join record title holders that he alleges own parcels of land located within the Disputed Property (Dkt. #39 at p. 2). In response, Plaintiff asserts that Defendant's motion should be denied because (i) it is procedurally barred, and (ii) the unnamed parties are neither necessary nor indispensable since the only parcel in dispute is the twenty acres being claimed by Defendant (Dkt. # 41 at p. 9). The Court turns to these arguments, first addressing Plaintiff's assertion that Defendant's motion is procedurally barred.

### I. Defendant is Procedurally Barred from Bringing a Second Rule 12(b) Motion to Dismiss.

Defendant brings its motion to dismiss under Federal Rule of Civil Procedure 12(b)(7), which allows a case to be dismissed for "failure to join a party under Rule 19." Fed. R. Civ. P.

3

12(b)(7). However, "[i]n general, Rule 12(b) defenses must be brought in a single motion, before filing an answer." *Jaffer v. Standard Chartered Bank*, 301 F.R.D. 256, 259 (N.D. Tex. July 2, 2014) (citing FED. R. CIV. P. 12(b), 12(g)(2)). Otherwise, according to Rule 12(h)(2), a Rule 12(b)(7) defense can be raised in a responsive pleading, a Rule 12(c) motion, or at trial. FED. R. CIV. P. 12(h)(2).

Here, Defendant has previously filed a Rule 12(b) motion, and it contained no mention of Plaintiff's failure to join a party under Rule 19 (*see* Dkt. #25). Further, the pending motion is not within the permitted categories of Rule 12(h)(2). Thus, the pending motion is procedurally barred. Nevertheless, the Court "may raise, *sua sponte*, a Federal Rule of Civil Procedure 19 problem." *Jaffer*, 301 F.R.D. at 259 (finding defendant's motion to be procedurally barred, but *sua sponte* raising the issue). Given that both parties have fully briefed their Rule 19 arguments, the Court will exercise its discretion and consider Defendant's motion *sua sponte*.

## II.     Rule 19

The first step in a Rule 19 analysis is to determine whether the absent party is a necessary party. FED. R. CIV. P. 19(a). Here, Defendant's Rule 19 argument is premised on his contention that other property owners that have an interest in the Disputed Property. Indeed, Defendant contends that the Disputed Property is not just a twenty-acre parcel, but an entire 753.51-acre tract consisting of multiple parcels owned by parties outside this suit (Dkt. #39 at p. 2). Accordingly, Defendant contends that the unnamed parties are necessary parties because Plaintiff will use a judgment to preclude other alleged parcel owners located within the 753.51-acre tract from litigating future claims against Plaintiff (Dkt. #46 at p. 2). However, the premise of Defendant's argument is factually unsupported—indeed it is belied by Plaintiff's Original Complaint. To be sure, contrary to Defendant's argument, Plaintiff asserts in its Complaint that the Disputed

Property is only "compris[ed] [of] twenty (20) acres"[1] (Dkt. #1 at p. 2).  Therefore, because the only parcel subject to this lawsuit is the twenty acres, the Court finds that there are no other necessary parties.  Indeed, Defendant does not contend that there are any other parties with an ownership interest in the twenty acres.

Moreover, Defendant's argument is unavailing for another reason.  As noted, Defendant argues that the absent parties are necessary because Plaintiff will wrongfully use a judgment to prevent other parcel owners within the 753.51 acres from litigating claims against the Plaintiff.  However, as Plaintiff asserts, Defendant's claim preclusion argument does not have merit.  The test for claim preclusion has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court with competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999).  Here, Defendant's argument fails to meet the first element because any future lawsuit concerning any other parcels would not involve parties that are identical to or in privity with the parties in this action.  Indeed, as Defendant does not claim to have an interest in any other parcels besides the twenty acres, any future disputes concerning other parcels would involve different parties.[2]

---

[1] In its Complaint, Plaintiffs refers to the Disputed Property as the "Claimed Land" (Dkt. #1). Conversely, Defendant refers to the Disputed Property as the "Subject land" (Dkt. #39).  Regardless, Plaintiff's Complaint makes clear that the sole parcel at issue in this suit concerns 20 acres—not 753.51 acres.

[2] Though Defendant attempts to argue claim preclusion, his argument falls more in line with collateral estoppel, or issue preclusion. Accordingly, the Court will address the issue of collateral estoppel. Under federal law, collateral estoppel has three elements: "(1) the issue at stake must be identical to the one involved in the prior action; (2) the issue must have been actually litigated in the prior action; and (3) the determination of the issue in the prior action must have been a necessary part of the judgment in that earlier action." *Stripling v. Jordan Prod. Co.*, LLC, 234 F.3d 863, 868 (5th Cir. 2000) (quoting *Next Level Commc'ns LP v. DSC Commc'ns Corp*., 179 F.3d 244, 250 (5th Cir. 1999). Here, Defendant speculates that Plaintiff will use a judgment to prevent owners of other parcels surrounding the Disputed Property from asserting ownership over their respective properties. Even if that were the case, Defendant failed to meet any of the elements of collateral estoppel because he did not provide any information suggesting that other unnamed landowners would present identical issues in a dispute with Plaintiff. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 (1979) (determining that the purpose of collateral estoppel is to protect "litigants from relitigating identical issues and promoting judicial economy by preventing needless litigation.").

Finally, even if the Court were to assume that Defendant met the necessity requirement under Rule 19(a), the second prong of the Rule 19 analysis requires the Court to determine if joinder of the parties is feasible. *Hood*, 570 F.3d at 629; *see* FED. R. CIV. P. 19.  As part of the feasibility analysis, the Court must determine if the newly joined parties destroy the Court's subject matter jurisdiction. *Id.*  Yet, here, Defendant has not provided sufficient information for the Court to determine the citizenship of the unnamed parties. *See Power Equities, Inc.*, 2007 WL 43843, at *12-13 (denying a Rule 12(b)(7) motion because defendant "provided no evidence that … unnamed parties could, or could not, be joined in the suit and thus has provided no evidence upon which the court can conduct the required Rule 19(b) analysis.").

In sum, the Court is of the opinion that Defendant has failed to meet its burden of proving that there are absent necessary parties. First, Defendant has failed to show that the Disputed Property is larger than the twenty acres, nor has he proved that preclusion requires other necessary parties. Second, even if Defendant had proved that adjacent landowners were necessary parties, Defendant provided insufficient information for the Court to determine if the parties' joinder would destroy the Court's jurisdiction. *See* FED. R. CIV. P. 19(b).  Accordingly, Defendant's Motion is therefore denied.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Dismiss (Dkt. #39) is hereby **DENIED**.

**IT IS SO ORDERED.**
**SIGNED this 26th day of August, 2022.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE