## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **W.C. CHAPMAN, L.P.** | § | |
| | § | |
| **Plaintiff/Counter Defendant,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:21-CV-893** |
| | § | |
| **JOHN CAVAZOS,** | § | |
| | § | |
| **Defendant/Counter Claimant.** | § | |

## AGREED JUDGMENT

This matter came on for consideration based on the agreement by and between the Parties, W.C. Chapman, L.P., Plaintiff and Counter-Defendant, and John Cavazos, Defendant and Counter-Claimant, who have agreed that a final and non-appealable judgment should be rendered in Plaintiff's favor. Having considered the Parties' agreement, the Court is of the opinion that the Plaintiff is entitled to the following Judgment:

IT IS ORDERED that the Special Warrant Deed, dated on or about March 29, 2021, from SWYFT, Inc., an Illinois Corporation (the "SWYFT Deed") to real property described as Section 28, Township 9S, Range 24E, to include the "North Half of the Southeast Quarter of the Northeast Quarter" allegedly lying in McCurtain County, Oklahoma, is invalid and of no force and effect.

IT IS FURTHER ORDERED that W.C. Chapman L.P. recover from John Cavazos title to and possession of the following described real property and have a writ of possession and the title is quieted in W. C. Chapman, L.P. to the following described real property:

The real property is described as that certain tract or parcel of land formed on the south side of the Red River by the northerly relocation of the Red River Channel. The said tract is within the jurisdiction of the State of Texas as stated in CHAPTER 12 of the Texas Natural Resources Code.   And pursuant to ARTICLE II, Section (g) of said Code, the changes in the vegetation line due to accretion, erosion and avulsion has changed the location of the boundary between Texas and Oklahoma.   The tract of land being described was formed between the south bank of the Red River as located by Colonel Arthur Stiles, and Surveyor Arthur Kidder March 16, 1926 under the authority conferred by decree of the Supreme Court of the United States in the cause The State of Oklahoma v. the State of Texas, and the re-tracement of the said 1926 south bank of the Red River by Surveyor J.C. Dalgarn and Surveyor Oscar L. Coates November 15, 1966 and the current line of vegetation.   Said Tract being adjacent to the J.J. Ward Survey, Abstract No. 883 and the Issac Tyler Survey, Abstract No. 825 situated in Red River County, Texas, and more particularly described in **Exhibit A** attached and made part of this Judgment.

IT IS FURTHER ORDERED that John Cavazos, his agents, servants, employees, and representatives, and anyone acting in concert with them, including but not limited to Chance Gordon, be, and hereby are, commanded to cease and desist from (1) entering upon the real property described in **Exhibit A**; (2) taking any action, directly or indirectly, to dispossess W.C. Chapman, L.P. from its ownership, use, and occupancy of the real property described in

**Exhibit A**; and (3) taking any actions, directly or indirectly, that further cloud the Plaintiff's title to the real property described in **Exhibit A**.

IT IS FURTHER ORDERED that each of the Parties are responsible for any fees, expenses and/or costs incurred by same.

IT IS FURTHER ORDERED that all relief not expressly granted herein is denied and that this Judgment finally disposes of all claims and all parties, with prejudice, and it is an appealable final judgment.

SIGNED on _____, 2023.


_____
JUDGE PRESIDING